[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 07-11563
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 28, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-80121-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CESAR DAMIAN,

Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
----------------------------------------------------------------

**(May 28, 2008)**

Before EDMONDSON, Chief Judge, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Cesar Damian appeals his 70-month sentence imposed after he pled guilty to conspiracy to possess with intent to distribute cocaine, 21 U.S.C. § 846.  No reversible error has been shown; we affirm.

Damian argues that the district court erred in denying him a minor role reduction, U.S.S.G. § 3B1.2(b).  He asserts that his conduct in delivering drugs was not essential to the success of the conspiracy because he did not manage assets or direct anyone.  He characterizes his role as that of a mere drug courier.

We review for clear error the district court's determination about a defendant's role in an offense.  United States v. Ryan, 289 F.3d 1339, 1348 (11th Cir. 2002).  "The defendant has the burden of establishing his role by a preponderance of evidence."  Id.  Under U.S.S.G. § 3B1.2(b), "[a] defendant warrants a two-level reduction for playing a minor role in an offense if he is less culpable than most other participants, although his role could not be described as minimal."  Id.

In United States v. De Varon, 175 F.3d 930 (11th Cir. 1999), we set out two elements that inform the sentencing court's determination about a defendant's role in an offense: (1) the defendant's role in the relevant conduct for which he has been held accountable at sentencing; and (2) the defendant's role as compared to that of other participants in his relevant conduct.  Id. at 940.  About the first

2

element, De Varon explains that "[o]nly if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable -- not a minor role in any larger criminal conspiracy -- should the district court grant a downward adjustment for minor role in the offense." Id. at 944. About the second element, De Varon counsels that this relative culpability inquiry includes "only those participants who were involved in the relevant conduct attributed to the defendant." Id.

The district court committed no clear error in determining that Damian's role in the offense was more than minor. About the first element, Damian was held accountable at sentencing for the drug quantity attributed to the entire conspiracy: 5 to 15 kilograms of cocaine. According to the presentence investigation report ("PSI"), Damian made, at the direction of the leader of the conspiracy, at least two drug deliveries totaling two and one-quarter ounces of cocaine. But Damian, despite this low drug quantity as compared to that of the larger conspiracy, was not a minor participant in the larger conspiracy. The undisputed facts[1] showed that Damian was involved in "almost daily" drug distributions for the organization, lived in one of the organization's stash houses,

---

[1] Damian did not object to the factual statements about his relevant conduct contained in the PSI; thus, these facts are deemed admitted. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005).

and was entrusted with updating the organization's drug ledger to reflect how much customers owed. In addition, he admitted that he had seen several 125-gram packages of cocaine at the stash house and was paid $2000 a month for his distribution activities.

These activities indicate more than mere courier status and, instead, show that Damian was aware of, understood, and participated in the workings of the larger drug conspiracy. Cf. U.S.S.G. § 3B1.2, comment. (n.4) (a defendant's "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as a minimal participant"). He, therefore, did not meet his burden in showing that he was substantially less culpable than most other participants. See De Varon, 175 F.3d at 944 ("[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of [his] role in the offense, since it is possible that none are minor or minimal participants.").

We now turn to Damian's argument that his sentence was unreasonable. We review his sentence for reasonableness in the light of the factors set out in 18 U.S.C. § 3553(a). United States v. Winingear, 422 F.3d 1241, 1244-46 (11th Cir.

2005).[2]  Briefly stated, under section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities.  See 18 U.S.C. § 3553(a)(1)-(7).  "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

We conclude that Damian's sentence was reasonable.  The sentence was eight months below the correctly calculated Guidelines range of 78 to 97 months and well below the statutory maximum term of life imprisonment.  See 21 U.S.C. § 841(b)(1)(A); Winingear, 422 F.3d at 1246 (comparing, as one indication of reasonableness, the actual prison term imposed against the statutory maximum). The district court noted that it had considered the section 3553(a) factors and sentenced Damian below his Guidelines range, in part, because one of his codefendants -- who had a similar role in the conspiracy as he did -- received a 70-

---

[2] In addition, reasonableness review employs an abuse-of-discretion standard.  Gall v. United States, 128 S.Ct. 586, 597 (2007).

month sentence, at the low end of his Guidelines range.[3] See 18 U.S.C. §

3553(a)(6). Based on the factors outlined in section 3553(a) and our review of the

record, we conclude that Damian has not carried his burden of showing that his

sentence was unreasonable.[4]

AFFIRMED.

---

[3]Damian had a higher Guidelines range than his codefendant because Damian did not receive the third point reduction for acceptance of responsibility as he waited until his trial date to plead guilty. See U.S.S.G. § 3E1.1(b).

[4]In fact, on appeal, Damian offers no arguments about why his sentence is unreasonable other than to say that he was deserving of a greater than eight-month variance.